UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER ALLEN CAIN,<br><br>Defendant. | NOS: 2:16-CR-69-RMP<br>2:16-CR-176-RMP<br><br>ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL |

Before the Court is Defendant's Motion for New Trial, ECF No. 135 (in 16-CR-69-RMP) and ECF No. 119 (in 16-CR-176-RMP), and the Government's Response to Defendant's Motion for New Trial, ECF No. 141 (in 16-CR-69-RMP) and ECF No. 125 (in 16-CR-176-RMP). The Court has considered the motion, the parties' arguments, all relevant filings, and is fully informed.

**BACKGROUND**

A grand jury indicted Defendant, Mr. Cain, on April 19, 2016, for being a felon in possession of a firearm. ECF No. 1 (in 16-CR-69-RMP). A grand jury indicted Defendant, Mr. Cain, on October 18, 2016, for possession with intent to

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL ~ 1

distribute five grams or more of actual methamphetamine. ECF No. 1 (in 16-CR-176-RMP). Mr. Cain's two cases were consolidated for trial. ECF No. 76 (in 16-CR-69-RMP) and ECF No. 61 (in 16-CR-176-RMP). On May 23, 2017, a jury found Mr. Cain guilty of being a felon in possession of a firearm and of possession with intent to distribute five grams or more of actual methamphetamine. ECF No. 98 (in 16-CR-69-RMP) and ECF No. 81 (in 16-CR-176-RMP).

On June 6, 2017, the Court granted Mr. Cain's motion for an extension of time to move for a new trial. *See* ECF No. 105 (in 16-CR-69-RMP) and ECF No. 89 (in 16-CR-176-RMP). On July 10, 2017, the Court again granted Mr. Cain's motion for an extension of time to move for a new trial. *See* ECF No. 125 (in 16-CR-69-RMP) and ECF No. 109 (in 16-CR-176-RMP). On July 27, 2017, Mr. Cain timely moved for a new trial. *See* ECF No. 135 (in 16-CR-69-RMP) and ECF No. 119 (in 16-CR-176-RMP). The United States responded to Mr. Cain's motion for a new trial on August 2, 2017. *See* ECF No. 141 (in 16-CR-69-RMP) and ECF No. 125 (in 16-CR-176-RMP).

## DISCUSSION

### *Legal Standard for Granting a New Trial*

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). In deciding a motion for new trial, the district court is subject to review only for an abuse of discretion. *See United States v. Hursh*, 217 F.3d 761, 769 (9th Cir. 2000).

However, a motion for new trial "should be granted only in exceptional cases in which the evidence preponderates heavily against the verdict." *United States v. Pimentel*, 654 F.2d 538, 545 (9th Cir. 1981) (internal quotations omitted).

The district court's power to decide a motion for new trial is broad; the court "need not view the evidence in the light most favorable to the verdict." *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992) (*quoting United States v. Lincoln*, 630 F.2d 1313, 1319 (8th Cir. 1980)). Where the evidence preponderates sufficiently heavily against the verdict to suggest that serious miscarriage of justice has occurred, a new trial may be warranted. *United States v. Kellington*, 217 F.3d 1084, 1097 (9th Cir. 2000) (*quoting Alston*, 974 F.2d at 1211-12).

Mr. Cain cites three bases for a new trial. First, Mr. Cain argues that the cross-admissibility of the drug and firearm evidence was unduly prejudicial. ECF No. 135 at 1-3 (in 16-CR-69-RMP) and ECF No. 119 at 1-3 (in 16-CR-176-RMP). Second, Mr. Cain argues that the trial was rendered unfair by Trooper Lux's testimony regarding items he seized. ECF No. 135 at 3-4 (in 16-CR-69-RMP) and ECF No. 119 at 3-4 (in 16-CR-176-RMP). Third, Mr. Cain argues that the trial was rendered unfair by Special Agent Piergallini's testimony that firearms are designed to repel oils, dirt, and grease. ECF No. 135 at 4-5 (in 16-CR-69-RMP) and ECF No. 119 at 4-5 (in 16-CR-176-RMP).

/ / /

/ / /

*Cross-Admissibility of Drug and Firearm Evidence*

Mr. Cain argues that the cross-admissibility of the drug and firearm evidence created sufficient undue prejudice to require a new trial. Mr. Cain presented arguments against cross-admissibility in a pretrial motion seeking to exclude the evidence of drugs in the firearm case and the evidence of a firearm in the drug case. ECF No. 49 at 3-4 (in 16-CR-69-RMP) and ECF No. 34 at 3-4 (in 16-CR-176-RMP). The Court denied Mr. Cain's motion, finding that the drug and firearm evidence were inextricably intertwined to the illicit pursuit of drug trafficking based on the fact that the drugs and firearm both were found within the reach of the driver's seat in the car where Mr. Cain was sitting when officers detained him. ECF No. 61 at 3-4 (in 16-CR-69-RMP) and ECF No. 46 at 3-4 (in 16-CR-176-RMP). The Court found the evidence of drugs and the firearm admissible and relevant in both cases. *Id.*

Mr. Cain contends that events at trial demonstrate that the evidence should not have been cross-admissible. ECF No. 135 at 1-3 (in 16-CR-69-RMP) and ECF No. 119 at 1-3 (in 16-CR-176-RMP). In support of his motion, Mr. Cain cites the closing arguments made by the United States. *Id.*

Mr. Cain's guilt was decided by a jury. The evidence demonstrated that the drugs and firearm were found in close proximity to each other, inside a vehicle operated by Mr. Cain, and within Mr. Cain's immediate reach. The jury could reasonably find Mr. Cain guilty of the firearm charge in the absence of the drug

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL ~ 4

evidence. The jury could reasonably find Mr. Cain guilty of the drug charge in the absence of the firearm evidence. The jury weighed the evidence as it was presented and made any inferences accordingly, finding Mr. Cain guilty on both of the charged counts.

> When twelve jurors sit down to deliberate upon their solemn duty of pronouncing innocence or guilt upon a fellow human each exposes his own particular views of the evidence to the sound judgment of all with the result that tangential views have little chance of survival and practically none of getting eleven approving votes.

*Sue Hoo Chee v. United States*, 163 F.2d 551, 553 (9th Cir. 1947).

Considering the facts of the case and the jury's consideration of them, the Court does not find the cross-admissibility of the drug and firearm evidence unduly prejudicial. The Court denies Mr. Cain's motion for new trial as to the cross-admissibility of the drug and firearm evidence.

***Trooper Lux's Improper Testimony***

Mr. Cain argues that the trial was rendered unfair by Trooper Lux's testimony regarding items he seized. ECF No. 135 at 3-4 (in 16-CR-69-RMP) and ECF No. 119 at 3-4 (in 16-CR-176-RMP). In his testimony, Trooper Lux stated that baggies are "potential evidence of a crime of distribution of a controlled substance." ECF No. 135 at 3 (in 16-CR-69-RMP) and ECF No. 119 at 3 (in 16-CR-176-RMP). On Defendant's objection, the Court struck Trooper Lux's testimony and ordered the jury to disregard it. The Court also provided an instruction to the jury not to consider evidence that was stricken.

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL ~ 5

The law assumes that "jurors follow their instructions." *Richardson v. Marsh*, 481 U.S. 200, 206 (1987). However, "there are some contexts in which the risk that the jury will not, or cannot, follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Bruton v. United States*, 391 U.S. 123, 135 (1968). Improper testimony might preponderate so heavily against the verdict that a new trial is required if the jury based its finding of guilt solely on the challenged testimony. If Trooper Lux's improper testimony were the only evidence supporting the jury's finding that Mr. Cain was guilty of possession with intent to distribute methamphetamine, the interests of justice might require a new trial. However, in addition to the drugs found by the police during their search, the car operated by Mr. Cain contained small baggies, scales, and drug related paraphernalia.

The Court finds that the jury could reasonably find Mr. Cain guilty of possession with intent to distribute methamphetamine in the absence of Trooper Lux's stricken statement. Therefore, Trooper Lux's statement creates no serious miscarriage of justice. The Court denies Mr. Cain's motion for new trial as to Trooper Lux's stricken testimony.

### *Special Agent Piergallini's Testimony*

Mr. Cain also contends that the trial was rendered unfair by Special Agent Piergallini's testimony that firearms are designed to repel oils, dirt, and grease.

ECF No. 135 at 4-5 (in 16-CR-69-RMP) and ECF No. 119 at 4-5 (in 16-CR-176-RMP). He argues that Special Agent Piergallini's testimony that firearms are designed to repel oils, dirt, and grease was outside the scope for which the United States offered Special Agent Piergallini as an expert witness.

Considering all the evidence presented to the jury, the Court finds that, in the absence of Special Agent Piergallini's statement, the jury could reasonably find that Mr. Cain possessed the firearm found in the vehicle he operated. Therefore, Special Agent Piergallini's statement creates no serious miscarriage of justice. The Court denies Mr. Cain's motion for new trial as to Special Agent Piergallini's challenged testimony.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant's Motion for a New Trial, **ECF No. 135** (in 16-CR-69-RMP) and **ECF No. 119** (in 16-CR-176-RMP) is **DENIED**.

2. Defendant's Motion to Expedite, **ECF No. 136** (in 16-CR-69-RMP) and **ECF No. 120** (in 16-CR-176-RMP), is **DENIED** as **MOOT**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** September 26, 2017.

*s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL ~ 7